NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5105

CAROLYN E. O'CONNOR,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

.

Carolyn E. O'Connor, of Richmond, Virginia, pro se.

Antonia R. Soares, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge Loren A. Smith

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5105

CAROLYN E. O'CONNOR,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 09-CV-324,
Senior Judge Loren A. Smith.

_____

DECIDED:  December 10, 2009
_____

Before MAYER, FRIEDMAN, and GAJARSA, Circuit Judges.

PER CURIAM.

Carolyn O'Connor appeals the order of the United States Court of Federal Claims dismissing her complaint for lack of jurisdiction.  See O'Connor v. United States, No. 09-CV-324 (Fed. Cl. May 28, 2009).  We affirm.

In 2006, the United States District Court for the Eastern District of Virginia issued an order requiring O'Connor to seek leave of court before filing additional actions. O'Connor v. Northshore Int'l Ins. Servs., Inc., 2006 U.S. Dist. LEXIS 88209 (E.D. Va. May 19, 2006), aff'd 207 Fed. App'x 333 (4th Cir. 2006).  O'Connor had previously filed

nine cases in the district court, and it concluded that the order was necessary "to protect itself from [O'Connor's] excessive filing and protect opposing parties from meritless lawsuits." Id. at *9.

O'Connor then filed suit in the Court of Federal Claims. She argued that the United States was "negligent and grossly negligent" because it had failed "to adequately discipline judges who violate and abuse the Constitution" and had failed "to oversee the preservation of rights due individuals." O'Connor's claims of negligence and gross negligence are tort claims, and such claims are expressly excluded from the Court of Federal Claims' jurisdiction under the Tucker Act:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1); see Rick's Mushroom Serv. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort.").

Accordingly, the Court of Federal Claims correctly dismissed O'Connor's complaint for lack of subject matter jurisdiction.